595 So.2d 1291 (1992)
Jerry PAGE
v.
Granville E. WIGGINS and Food Giant Supermarkets of Arkansas, Inc.
No. 90-CA-0327.
Supreme Court of Mississippi.
January 29, 1992.
Rehearing Denied April 22, 1992.
*1292 Leman D. Gandy, Greenwood, for appellant.
Richard Benz, Jr., Upshaw Williams Biggers Page & Kruger, Greenwood, for appellee.
En Banc.
PITTMAN, Justice, for the Court:
Finding no dispute as to material facts and finding an absence of the requisite elements for an action based on malicious prosecution or false imprisonment, the summary judgment entered by the Leflore County Circuit Court is affirmed.

I.
Granville Wiggins, assistant manager of Big Star # 9 in Greenwood, Mississippi, was on duty March 30, 1989. A man, identifying himself as Jerry Page, approached Wiggins and inquired about an earnings check. After failing to locate a check in the name of Jerry Page, Wiggins advised him to return the next morning and speak with the manager. The man then selected a few items and asked Wiggins to cash a personal check. Wiggins refused. Two witnesses, Jamie Mims and Camesha Sims, a cashier, were present during the man's request. The man then exited the store with what appeared to be cartons of Salem cigarettes stuffed in the legs of his warmup suit. Wiggins called the police department while Mims attempted to apprehend the man.
When the police arrived, Wiggins gave them a description and advised them that the thief identified himself as Jerry Page. Wiggins at that time had never been acquainted with Jerry Page. Wiggins signed an affidavit charging the thief with shoplifting. After the police failed to serve Page, the court continued the case.
Subsequently, the police arrested Page on a burglary charge, and while Page was incarcerated on the burglary charge, an officer discovered the outstanding shoplifting warrant. After the court set bond, bondswoman Sybil Markham testified that she presented the misdemeanor bond to the city jail personnel, and then traveled to the Leflore County Courthouse to have the felony bond approved. Upon her return to the city jail, the police released Page.
The Greenwood Police Department subpoenaed Wiggins to appear in court on April 26, 1989, to testify in the shoplifting incident. When asked to make an in court identification of the thief, Wiggins stated that the thief was not present. The court then pointed out Page, but Wiggins stated that he was not the thief. All shoplifting charges were then dismissed against Page.
Jerry Page then filed a civil complaint against Granville E. Wiggins and Food Giant Supermarkets of Arkansas, Inc. (hereinafter Wiggins) on August 28, 1989, in the Circuit Court of Leflore County. Said complaint alleged, in pertinent part, the following:
That on/or about March 31, 1989, the Defendant Granville E. Wiggins executed *1293 an affidavit in the police court of the City of Greenwood, Mississippi charging the plaintiff with the crime of shoplifting... .
That, as a result of the affidavit executed by the Defendant Granville E. Wiggins, the City Court Judge of Greenwood, Mississippi, issued a warrant for the arrest of the Plaintiff... .
That, as a result of the sworn affidavit executed by the Defendant Granville E. Wiggins, and the arrest warrant issued by the City Court Judge, the plaintiff was arrested by the Greenwood Police Department and required to post bond in order to obtain his release.
That, on April 26, 1989, the Plaintiff was required to stand trial in the City Court of Greenwood, Mississippi and was subsequently found not guilty by the Court... .
That, during the course of the trial, the Defendant, Granville E. Wiggins, while under oath, testified on several occasions that the Plaintiff was not in the Courtroom at the time, when in fact, the Plaintiff was seated directly in front of the Defendant, Granville E. Wiggins.
That the Defendants knew, or could have reasonable [sic] known, that the Plaintiff was innocent of the crime of shoplifting and their deliberate actions constitutes [sic] false arrest, false imprisonment and malicious prosecution of the plaintiff.
That the defendants' actions are such that they constitute willful, wanton and gross negligences [sic] to the extent that the plaintiff is entitled to recover punitive damages against the defendants.
Subsequently, a summary judgment was entered by the lower court.

II.
Page asserts a claim of malicious prosecution. The elements of malicious criminal prosecution are:
(1) the institution or continuation of original judicial proceedings, either criminal or civil;
(2) by, or at the insistence of the defendants;
(3) the termination of such proceeding in plaintiff's favor;
(4) malice in instituting the proceeding;
(5) want of probable cause for the proceedings; and
(6) the suffering of damages as a result of the action or prosecution.
Strong v. Nicholson, 580 So.2d 1288, 1293 (Miss. 1991); Miss. Road Supply v. Zurich-American Ins. Co., 501 So.2d 412, 414 (Miss. 1987); Royal Oil Co., Inc. v. Wells, 500 So.2d 439, 442 (Miss. 1986); Pugh v. Easterling, 367 So.2d 935, 937 (Miss. 1979).
Whether Page could support the elements required in a claim of malicious prosecution is the issue in the case at bar.
Obviously, there was institution of criminal proceedings against Page, by, or at the instance of, Wiggins who executed an affidavit against Page, and the termination of such proceedings in Page's favor. The first three elements of malicious prosecution can be found in the case at bar. And, although there is no indication of damage to Page in the record, at trial Page might have been able to put on proof of how the criminal trial injured him emotionally or professionally. However, the fourth and fifth elements of malicious prosecution cannot be found.
In Mississippi, to determine if the defendants acted with malice, the fourth factor, we must look to their subjective state of mind. Owens v. Kroger Co., 430 So.2d 843, 846 (Miss. 1983).
In an effort to define malice, this Court has said that the term "malice" in law of malicious prosecution is used in artificial and legal sense and applied to prosecution instituted primarily for purpose other than that of bringing offender to justice. Benjamin v. Hooper Electronic Supply Co., 568 So.2d 1182, 1191 (Miss. 1990); Royal Oil, 500 So.2d at 444; Owens, 430 So.2d at 846. Malice refers to the defendant's objective state of mind, not his attitude. Malice can be inferred from the fact that a defendant may have acted with reckless disregard for plaintiff's rights. Strong, 580 So.2d at 1293. For example, this Court has found malice where the defendants *1294 freely conceded that their lone purpose was to "get their stuff back" and that they really didn't care what happened to plaintiffs. Id.
The controversy at hand contains none of the qualifications of malice. Page's complaint does not offer a theory, or even a speculation, as to the state of mind of Wiggins. Page has not suggested any purpose that Wiggins may have had other than justice. Wiggins neither knew nor had ever been acquainted with Page before the night of the theft. Wiggins acted as a law-abiding citizen by giving the police a description of the thief and advising them that the thief identified himself as Page.
As to the fifth element, for purposes of a malicious prosecution action, probable cause requires a concurrence of an honest belief in the guilt of the person accused and reasonable grounds for such belief. Royal Oil Co., 500 So.2d at 443. One is as essential as the other. Benjamin 568 So.2d at 1190. It is ordinarily necessary for the plaintiff to show circumstances from which absence of probable cause may be inferred. This Court has held that unfounded suspicion and conjecture are not proper bases for finding probable cause. Id. To determine the existence of probable cause, courts look to (1) a subjective element  an honest belief in the guilt of the person accused, and (2) an objective element  reasonable grounds for such beliefs. Strong, 580 So.2d at 1294. For example:
The existence of probable cause, which involves only the conduct of a reasonable man under the circumstances, and does not differ essentially from the determination of negligence, usually is taken out of the hands of the jury, and held to be a matter for decision by the court. That is to say, the court will determine whether upon the appearances presented to the defendant, a reasonable person would have instituted the proceeding.
Id. citing Prosser & Keeton, The Law of Torts § 119 (5th ed. 1984).
Wiggins honestly believed that the thief was Page. And a reasonable person in the same situation would have also believed that the thief was Page. Wiggins had probable cause to instigate the criminal proceeding against Page.
Clearly, the elements of malice and want of probable cause cannot be found in the case at bar so as to support a claim of malicious prosecution against Wiggins. The summary judgment was not error.

III.
With false imprisonment, a plaintiff must prove (1) he or she was detained and (2) that the detention was unlawful. Thornhill v. Wilson, 504 So.2d 1205, 1208 (Miss. 1987). In the instant case Page was neither detained nor incarcerated on the shoplifting charge. Because the police arrested Page on a burglary charge and subsequently charged him with shoplifting, this issue is without merit.

IV.
Page argues that the lower court erred in granting summary judgment because a factual dispute existed. In both his Response to Motion for Summary Judgment and Motion to Strike Defendants' Affidavits to Summary Judgment, Page pointed out factual discrepancies in Wiggins' statements. In Wiggins' initial statement, prepared by the Greenwood Police Department, he said that he chased the thief on the night in question, whereas, in his affidavit in support of the Motion for Summary Judgment, he stated that a customer chased the thief. On April 26, 1989, Judge Alan Carter presided over the shoplifting charges in city court and in his affidavit stated that Wiggins' testimony "was to the effect that the black male did not identify himself as JERRY PAGE but was inquiring about a check for JERRY PAGE." On December 18, 1989, Wiggins signed an affidavit stating, "On the night of March 30, 1989, I was approached, at Big Star # 9 by a man who identified himself as Jerry Page. This man was inquiring about a check."
Wiggins asserts that the alleged factual dispute is immaterial and irrelevant. As authority Wiggins cites Vickers v. First *1295 Mississippi National Bank, 458 So.2d 1055 (Miss. 1984), wherein this Court stated:
Not all disputed issues of fact may be sufficient to defeat a motion for summary judgment or to require trial on the merits; only material issues of fact. Put another way, if, viewing the evidence in the light most favorable to the party against whom the motion has been made, that party's claim or defense still fails as a matter of law, summary judgment generally ought to be granted, even though there may be hot disputes regarding nonmaterial facts... .
Vickers, 458 So.2d at 1061.
The question here is whether Wiggins' "inconsistent" statements amounted to a genuine issue of material fact which necessitated a trial. In construing Miss.R.Civ.P. 56, it is appropriate for this Court to rely on federal law. See Bourn v. Tomlinson Interest, Inc., 456 So.2d 747, 749 (Miss. 1984); Brown v. Credit Center, Inc., 444 So.2d 358, 364 n. 1 (Miss. 1983). The Fifth Circuit in Bache v. American Telephone and Telegraph, 840 F.2d 283 (5th Cir.1988) stated that:
[T]o determine which factual issues are material, we must first examine the substantive law that governs the case, and to determine if an issue of material fact is genuine, we must then decide whether "the evidence is such that a reasonable jury could return a verdict for the non-moving party."
Bache, 840 F.2d at 287 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
Wiggins' "inconsistent" statements do not amount to a genuine issue of material fact which would necessitate a trial. A reasonable jury could not return a verdict for Page. It is not clear that the statements are even inconsistent. One statement was prepared by the police; one statement was prepared by Wiggins' lawyer; and one statement was prepared by the city court judge. This would account for the technical differences. The gravamen of Wiggins's story remains the same  that he was approached by a man wanting a paycheck and wanting to cash a check, that the man stole some merchandise, and that the man was chased from the store.
It is important to note the affidavit of the city court judge. A municipal judge has "the jurisdiction to hear and determine, without a jury and without a record of the testimony... ." Miss. Code Ann. § 21-23-7 (as amended 1991) (emphasis added). Judge Carter's efforts to create a record, even though a city court is not a court of record in Mississippi, is not permissible. A city judge cannot create a record of the proceedings within his court by affidavit.

V.
The requisite elements for an action based on malicious prosecution or based on false imprisonment cannot be found in the case sub judice. The alleged "inconsistent" statements of Wiggins are not inconsistent enough to create a dispute of material fact. The summary judgment entered below is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON and BANKS, JJ., concur.
McRAE, J., dissents with separate written opinion joined by DAN M. LEE, P.J., and SULLIVAN, J.
McRAE, Justice, concurring in part/dissenting in part:
While I agree with the majority that the false imprisonment charge should be dismissed, I disagree and dissent from the majority as to the malicious prosecution charge and would reverse the circuit court's ruling on the summary judgment issue and allow a jury trial to determine this issue.
It appears that the majority is result oriented as opposed to applying rules which we have laid down in previous case decisions. Perhaps the majority was influenced by the fact that the plaintiff had a previous charge of burglary (even though the charge was later dismissed, and Page therefore stood innocent of that charge). But, whatever the reason, this case clearly *1296 involves a jury trial issue because there was a material dispute in fact, and other reasonable interpretations can be deduced from the facts presented.
Since the adoption of the Mississippi Rules of Civil Procedure, particularly Rule 56 dealing with summary judgments, we have laid the foundation that if there is an issue of fact where one party swears to one version and another party swears to a second version, then it is a case for a jury trial. We have further laid the foundation that where there exists more than one reasonable interpretation of undisputed testimony, or where the purported establishment of the facts has been sufficiently incomplete or inadequate so that a trial judge cannot say with reasonable confidence that the full facts of the matter have been disclosed, then the matter should be submitted to a jury.
In Dennis v. Searle, 457 So.2d 941 (Miss. 1984), we stated in dealing with the issue of summary judgment as follows:
Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says just the opposite. Issues of fact, as a matter of proper construction of Rule 56, also exist where there is more than one reasonable interpretation that may be given undisputed testimony, where materially differing but nevertheless reasonable inferences may be drawn from the uncontradicted facts, or where the purported establishment of the facts has been sufficiently incomplete or inadequate that the trial judge cannot say with reasonable confidence that the full facts of the matter have been disclosed.
Searle, 457 So.2d at 944.
A closer review of the facts in this case shows that the assistant manager of Big Star, Granville Wiggins, never talked to Jerry Page on the night of the incident, nor did anyone identify himself as Jerry Page on the night in question. All the assistant manager had was a black male at the store who inquired about a wage check made payable to a Jerry Page. Wiggins signed an affidavit charging "Jerry Page" with shoplifting, when he should have filed an affidavit charging "John Doe, a young black male, 150 to 170 pounds, approximately 5'11", with short hair." In response to the motion for summary judgment for malicious prosecution, plaintiff filed an affidavit by Judge Alan Carter, who presided over the shoplifting charge in city court, in which the judge stated that the defendant Wiggins' testimony "was to the effect that the black male did not identify himself as JERRY PAGE, but was inquiring about a check for a JERRY PAGE." However, after Wiggins was sued for malicious prosecution, he signed an affidavit stating: "On the night of March 30, 1989, I was approached, at Big Star # 9 by a man who identified himself as Jerry Page. This man was inquiring about a check." Clearly, Wiggins' first sworn testimony states the man did not identify himself as Jerry Page, but after he was sued for malicious prosecution, Wiggins changed his testimony. This testimony totally refutes the second affidavit of Wiggins, thus creating a jury issue. The plaintiff further pointed out other inaccuracies and factual disputes which existed in the affidavit of the defendant Wiggins. Plaintiff showed that Wiggins' initial statement prepared by the Greenville Police Department said he chased the thief on the night in question, whereas, in his affidavit in support of the motion for summary judgment, he stated that a customer chased the thief.
Did Wiggins have enough information to file a charge stating that Jerry Page shoplifted on the night in question? The answer has to be "No." On the basis of his motion for summary judgment, the motion should be denied and a jury trial granted.
In Owens v. Kroger Co., 430 So.2d 843, 846 (Miss. 1983), this Court set out the six key elements the plaintiff must prove by a preponderance of the evidence to sustain his case in a malicious prosecution claim:
We have stated that in order to maintain a suit for malicious prosecution, the plaintiff must prove the following elements by a preponderance of the evidence: *1297 (1) the institution of a criminal proceeding; (2) by, or at the instance of, the defendant; (3) the termination of such proceedings in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceeding; and (6) the suffering of injury or damage as a result of prosecution. [citations omitted]
In laying down these six elements, the Kroger Court recognized that these elements, imposed upon any recovery for wrongful prosecution of a criminal proceeding, represented an adjustment between two highly important social interests. One of these is the interest the individual citizen has in being protected against unjustifiable and oppressive litigation of criminal charges, which involve not only pecuniary loss, but also distress and loss of reputation.
The majority admits that the first three elements of malicious prosecution were found in the case at bar, but stated that the fourth and fifth elements cannot be found. I disagree and address these two elements in reverse order.
The element of probable cause was addressed by the Kroger Court:
Probable cause is determined from the facts apparent to the observer when prosecution is initiated... . If the facts are in dispute, under our decisions it is a jury question, based upon proper instructions, to determine whether or not probable cause existed.
430 So.2d at 847.
The Kroger Court quoted from State Life Insurance Co. of Indianapolis v. Hardy, 189 Miss. 266, 195 So. 708 (1940), where, on the question of probable cause, this Court held:
In order to have probable cause for the institution of a criminal prosecution, the prosecutor must not only "reasonably believe that the person accused has acted or failed to act in a particular manner," but must also "correctly believe that such acts or omissions constitute at common law or under an existing statute the offense charged against the accused." ... "Hence, if the facts charged do not amount to a criminal offense, the party making the charge is not protected by proving the truth thereof," ... nor, by proving that he believed that the facts charged constituted a criminal offense. 189 Miss. at 277-78, 195 So. at 713. (emphasis in original) (citations omitted).
430 So.2d at 847. (citations omitted)
Clearly, in this case, it was a jury question as to whether or not the defendant Wiggins had probable cause to charge Jerry Page with shoplifting. He may have had probable cause to charge a black male subject by the description he would give, but not as to Jerry Page, a white male.
Unlike probable cause, the malice element is a creature that is for the jury to decide based on the mental state of the defendant at the time of the instigation which can be proven by circumstantial evidence. See Brown v. Watkins, 213 Miss. 365, 56 So.2d 888 (1952).
As to the element of malice, in Owens v. Kroger Co., the Court said:
Malice, on the other hand, is a mental state. Its existence may be proved by circumstantial evidence, or the jury may infer malice from the facts of the case.
430 So.2d at 847.
The Kroger Court, citing Whitfield v. Westbrook, 40 Miss. 311 (1866), stated:
We also stated in Whitfield v. Westbrook that the absence of probable cause in the institution of a criminal proceeding was a circumstance from which the jury would be permitted, but not required to infer malice.
[T]he inference of malice, which may be drawn from the want of probable cause, is not an inference of law or "prima facie evidence" by which the jury are bound at all events, but "the whole matter is free before them, unembarrassed by any consideration of policy, or convenience, and unlimited by any boundaries but those of truth; to be decided by themselves, according to the convictions of their own understanding."
* * * * * *

*1298 "[T]hese merely natural presumptions are derived wholly and directly from the circumstances of the particular case by means of the common experience of mankind, without the aid or control of any rules of law whatever." The jury may or may not, therefore, "infer malice" from the fact or circumstances of the want of probable cause. It is... a "natural presumption," derived from the circumstances of the particular case by experience, without the aid or control of the law; for the consideration of the jury, and to be decided by them as they may deem consistent with truth and justice.
40 Miss. at 318-19 (emphasis in original).
430 So.2d at 847.
In summary, the Kroger Court stated:
In Brown v. Watkins, supra, we held upon disputed facts that the issue of probable cause was for the jury. We also held that the existence of malice was a jury question. We stated:
Unlike probable cause, the question of malice is to be determined by the jury unless only one conclusion may reasonably be drawn from the evidence. The defendant's improper purpose usually is proved by circumstantial evidence. And lack of probable cause for the initiation of the criminal proceedings is evidence of an improper purpose.
213 Miss. at 373, 56 So.2d at 891 (citation omitted).
* * * * * *
If the jury found there was no probable cause for the prosecution, Owens likewise had the right for the jury to pass on the question of malice. Whether Kroger only intended to bring a malefactor to justice or had some other purpose in instituting criminal proceeding was a question peculiarly within the province of the jury to answer.
430 So.2d at 848.
The majority has clearly departed from Owens v. Kroger Co. and Brown v. Watkins cases without overruling them. I submit that we must keep in mind the admonition of the Advisory Committee in its Comment to Rule 56, where it stated:
A motion for summary judgment lies only when there is no genuine issue of material fact; summary judgment is not a substitute for the trial of disputed fact issues. Accordingly, the court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried.
MRCP 56, Comment. See also Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983), where this Court stated:
The trial court must review carefully all of the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If in this view the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise the motion should be denied.
444 So.2d at 362.
When motions for summary judgments are filed in the circuit court, care must be taken that a litigant's right to a trial by jury is not abridged. Dennis v. Searle, 457 So.2d 941 (Miss. 1984). The majority in this case has abridged the right of the plaintiff. I would reverse for a jury trial on the issue of malicious prosecution.
DAN M. LEE, P.J., and SULLIVAN, J., join this opinion.