## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 94-CA-01236-SCT

*JOINER INSURANCE AGENCY, INC.*

*v.*

*PRINCIPAL CASUALTY INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/21/94 |
| TRIAL JUDGE: | HON. ROBERT WALTER BAILEY |
| COURT FROM WHICH APPEALED: | WAYNE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TIMOTHY M. FARRIS |
| ATTORNEY FOR APPELLEE: | JAMES L. QUINN |
| NATURE OF THE CASE: | CIVIL - TORTS - OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 12/5/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 1/8/97 |

**BEFORE SULLIVAN, P.J., ROBERTS AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. Principal Casualty Insurance Company [Principal] filed a third-party complaint against Joiner Insurance Company [Joiner] in the course of an insurance action which was removed to federal court. This action was dismissed on the ground that Principal lacked standing to bring the third-party claim against Joiner. Joiner later brought a malicious prosecution claim against Principal. This action was also dismissed by way of summary judgment on the basis that the one-year statute of limitations had expired.

### ISSUE

**WHETHER THE ONE YEAR STATUTE OF LIMITATIONS BARS THIS MALICIOUS PROSECUTION ACTION?**

### STATEMENT OF FACTS

¶2. On October 18, 1990, Doris Byrd filed an action against Principal Casualty Insurance Company in the Circuit Court of Wayne County, Mississippi to recover uninsured motorist benefits and demanded judgment against Principal, her insurance carrier. The case was subsequently removed to federal district court. The other party in the Byrd accident was Donna C. Norton, the putative uninsured motorist. Principal made Norton a third-party defendant and Norton counterclaimed against Byrd, alleging that Byrd's negligence caused the accident.

¶3. In Norton's deposition, she testified that she thought she had a policy written through Joiner Insurance Company by Kemper Insurance Company which covered her vehicle. Following Norton's deposition, her attorney and the attorney for Principal moved the Court for leave to file a third-party complaint against Joiner and Kemper for any sums for which Principal or Norton might be found liable. An order granting leave was entered and a third- party complaint was filed against Joiner and Kemper. It is this complaint upon which Joiner bases its malicious prosecution claim.

¶4. Joiner moved to dismiss the third-party complaint, and the federal district court dismissed the claim against Joiner finding that there was no actual controversy as Principal had no standing to assert a declaratory claim against the agent of an insurer. This interlocutory order was entered by Judge Tom S. Lee on October 10, 1991. Based on that Order, Principal settled with Doris Byrd for $75,000.

¶5. On October 21, 1991, Kemper requested Principal to dismiss Principal's third-party complaint against it on the basis of the Order. Principal's attorney responded that he would consider the request if Kemper would forward the Agreed Order for his review. Several months later, on March 4, 1992, Kemper wrote Principal that it had not sent the Agreed Order as Principal would not be willing to pay the costs Kemper had incurred in responding to the third-party complaint. By this time, Kemper had also filed a motion for summary judgment in federal district court asking for a dismissal. Thus, Principal's attorney wrote Kemper that:

> I informed you a long time ago and before you filed your motion that Principal would agree to a dismissal of its third party claim versus Kemper based on the Court's ruling regarding the Joiner claim. As for any response to your motion, Principal would adopt the same response it filed to the Joiner motion. Again, such response would seem frivolous since I have agreed to dismiss Principal's claim.

¶6. The federal district court granted Kemper's summary judgment motion on April 16, 1992, noting that "while Principal did not immediately dismiss its claim against Kemper upon being provided with contrary information, it did agree to a dismissal shortly thereafter, as soon as it became known that the Court would not favorably view its claim against Kemper." Thus, the federal district court made a finding of fact that Principal acknowledged failure of its indemnity claims before Kemper filed its Motion to Dismiss, when it stated "[t]hat Kemper's counsel chose not to prepare and submit an agreed order of dismissal for counsel opposite's consideration, apparently, because he doubted that Principal would agree to payment of costs and expenses, does not detract from the fact that Principal did in fact agree to a dismissal of its claim prior to the time that Kemper filed the present motion." On October 6, 1992, the federal district court dismissed all parties with prejudice.

¶7. On August 11, 1993, Joiner filed a complaint for malicious prosecution against Norton and Principal in the Circuit Court of Wayne County. Principal filed a summary judgment motion arguing

that the statute of limitations had run. The lower court granted summary judgment in favor of Principal. Aggrieved, Joiner now appeals to this Court.

## DISCUSSION OF LAW

¶8. A claim for malicious prosecution requires the institution of a civil or criminal proceeding by the defendant in the underlying case, and a "termination" of the proceedings in plaintiff's favor. *Page v. Wiggins*, 595 So. 2d 1291, 1293 (Miss. 1992). After the termination of the proceedings, the plaintiff has one year in which to bring a malicious prosecution claim. *City of Mound Bayou v. Johnson*, 562 So. 2d 1212 (Miss. 1990). The statute of limitations begins to run as soon as there is a cause of action, and the cause of action accrues when it comes into existence as an enforceable claim. *Id.*

¶9. This Court needs to determine only one very simple question whether the cause of action accrued on the issuing of the October 10, 1991 Interlocutory Order, or upon the October 6, 1992 Order dismissing all parties. Joiner argues that the October 10, 1991 Interlocutory Order was not final because it did not contain language stating that the dismissal was "with prejudice." Joiner argues that the October 6, 1992, Order began the one-year statute of limitations because this order contained the language "with prejudice".

¶10. Joiner essentially argues that the "termination of proceedings" element of malicious prosecution is required to rise to the level of a M.R.C.P. 54 (b) final judgment for purposes of determining when the cause of action for malicious prosecution accrued. Joiner cites *Page v. Wiggins*, 595 So. 2d 1291 (Miss. 1992) for the assertion that an element of malicious prosecution is a "final termination of a proceeding in plaintiff's favor." In *Page*, this Court held that the elements of malicious prosecution are:

> (1) the institution or continuation of original judicial proceedings, either criminal or civil;
>
> (2) by, or at the insistence of the defendants;
>
> (3) *the termination of such proceeding in plaintiff's favor;*
>
> (4) malice in instituting the proceeding;
>
> (5) want of probable cause for the proceedings; and
>
> (6) the suffering of damages as a result of the action or prosecution.

*Page*, 595 So. 2d 1291 at 1293. (emphasis added.)

¶11. Although this Court requires a termination, a final termination is not required. Our holdings in other cases teach that the termination element of a malicious prosecution claim does not require an appealable judgment or a dismissal "with prejudice." See *Royal Oil Co. Inc. v. Wells*, 500 So. 2d 439 (Miss. 1986) (held that underlying case was terminated where a warrant issued on an affidavit was bound over to the grand jury which did not indict); *Childers v. Beaver Dam Plantation, Inc.*, 360 F.Supp. 331 (N.D. Miss. 1973) (a nolle prosequi is a termination of the underlying case upon which a malicious prosecution action case accrue).

¶12. Further, it is not necessary that all proceedings that may be required to enforce the rights of the

parties shall occur before the cause of action accrues for malicious prosecution. The requirement of termination is satisfied by showing that the civil suit upon which the malicious prosecution claim is based was abandoned. 52 Am. Jur. 2d, *Malicious Prosecution*, § 42 (1970).

¶13. Joiner correctly states that the October 10, 1991 Order did not recite the language required by Rule 54(b) to allow an appeal from that order. Thus, the Order is properly characterized as "interlocutory" by virtue of Rule 54 (b) **for appeal purposes**.[1] In the case *sub judice*, this Court is not presented with the issue of whether the case is ripe for appeal, but whether the case was timely filed by Joiner.

¶14. This Court has repeatedly held that a cause of action for malicious prosecution accrues after there is a termination of the prosecution complained of. *City of Mound Bayou v. Johnson,* 562 So. 2d 1212 (Miss. 1990); *Priest v. Avent*, 236 Miss. 202, 109 So. 2d 643 (1959). Here, on October 10, 1991, Judge Tom S. Lee dismissed the action against Joiner pursuant to 12(b)(6) motion. Judge Lee dismissed the action against Joiner because Principal lacked standing to bring the action. Therefore, despite the characterization of the Order, Principal could not re-assert the action against Joiner. In the Order, Judge Lee expressly states that "Principal has not stated a viable claim against Joiner." Further, Judge Lee found that "whether the failure to procure cause of action is asserted in its capacity as Byrd's uninsured motorist carrier or as Byrd's subrogee, Principal cannot maintain the claim against Joiner." Thus, for all practical purposes this Order **terminated** the proceedings by Principal against Joiner, regardless of whether this same Order was appealable for purposes of Rule 54(b).

¶15. In *Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828 (D. Nev. 1989), the court utilized the Restatement analysis to determine when the termination element of a malicious prosecution claim is satisfied. The *Abbott* court held that a withdrawal or abandonment of the claim constitutes a termination of the case depending upon the circumstances under which the proceedings are withdrawn. *Id.* at 833. In other words, if the facts or circumstances underlying the dismissal without prejudice demonstrated that the claim was abandoned because the plaintiff could not prevail on the merits, then the dismissal was a final termination.

¶16. When addressing the summary judgment motion on behalf of Principal, the lower court found that Principal regarded the October 10, 1991 Order as final because the original action was settled with Byrd within two weeks of that Order and Principal's attorney agreed to consider dismissing the third party complaint against Kemper. Moreover, Joiner does not dispute the finding that "the parties affected regarded the October 10, 1991 Order as a final disposition of the third party claim of Principal against Joiner." The deposition of Principal's attorney reveals that he "accepted the October 10, 1991 Order as final" since "Principal was in a mode of getting out of the liability business in Mississippi . . . [and] they were just anxious to close the entire file."

¶17. In light of the Restatement analysis in *Abbott*, *supra*; the factual findings made by Judges Lee and Bailey; and the correspondence between attorneys, it is clear that the October 10, 1991, Order was treated as terminating the proceedings against Joiner. Because the facts are undisputed in this case, this is clearly an issue of law. *Smith v. H.C. Bailey Co.*, 477 So. 2d 224 (Miss. 1985). As the law was correctly applied to the facts, we cannot find that the lower court erred in granting summary judgment for Principal and holding that the statute of limitations barred the malicious prosecution

claim.

**¶18. JUDGMENT AFFIRMED.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS AND MILLS, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION. LEE, C.J., NOT PARTICIPATING.**

**McRAE, JUSTICE, DISSENTING:**

¶19. In its decision, the majority misses the important point that the October 10, 1991 order was a Rule 54 dismissal. As such, it was not a final judgment and was not appealable. Since there could not be a final judgment until all parties were dismissed in the suit, the statute of limitations on the malicious prosecution claim could not have begun to run. Therefore, I must disagree with the majority on this issue.

¶20. The October 10, 1991 order issued by Judge Tom Lee did not include the exact language to finally dismiss any or all of the parties, as required by both the Federal Rules and Mississippi Rules of Civil Procedure to make any judgment final and appealable. It failed to mention the words "no just reason for delay" or "expressed direction for entry of judgment." Thus, as the majority states, this order was interlocutory.[(2)]

¶21. The majority fails to note the application of M.R.C.P. 54(b). Like Fed. R. Civ. P. 54(b), M.R.C.P. 54(b) provides that such an order of dismissal is only appealable if the district court (1) directs entry of judgment as to those claims or parties which are to be dismissed, and (2) expressly determines that there is no just reason for delay. *M.R.C.P.* 54(b); *Fed. R. Civ. P.* 54(b). In the absence of a certification by the district court that meets the requirements of Rule 54(b), a partial disposition of a multiclaim or multiparty action does not qualify as a final judgment and is ordinarily an unappealable interlocutory order. *See Deus v. Allstate Ins. Co.*, 15 F.3d 506, 522 (5th Cir. 1994), *cert denied*, 115 S.Ct. 573, 130 L.Ed.2d 490 (1994); *Federal Sav. & Loan Ins. Corp. v Tullos-Pierremont*, 894 F.2d 1469, 1471 (5th Cir. 1990); *Huckeby v. Frozen Food Express*, 555 F.2d 542, 545 (5th Cir. 1977)(all construing Fed. R. Civ. P. 54(b)).

¶22. Pursuant to M.R.C.P. 54(b), the trial court's "interlocutory order" of October 10 was such because it did not resolve all the claims before the court. Principal did not seek certification pursuant to Rule 54(b). Without this certification, this Court has no jurisdiction to entertain Principal's appeal. *May v. V.F.W. Post No. 2539*, 577 So.2d 372, 374 (Miss. 1991). The commentary to the rule is just as clear: "Absent a certification under Rule 54(b), any order in a multiple party or multiple claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory."

¶23. As the October 10, 1991 order was interlocutory, it was not a final judgment. Since this order was not a final judgment, there was no way that it can start running the statute of limitations. *In re Will of Fields*, 570 So.2d 1202, 1204 (1990)(Prather, J. dissenting); *American Empire Life Ins. Co.*

*v. Skil-Craft Builders, Inc.*, 291 So.2d 735, 735 (Miss. 1974); *McGill v. City of Laurel*, 252 Miss. 740, 766, 168 So.2d 50, 51 (1964); *Mid South Paving Co. v. State Highway Comm'n*, 197 Miss. 751, 767, 20 So.2d 834, 835 (1945). The 1992 order dismissed all the parties with prejudice, and thus was a proper vehicle to start the running of the statute of limitations. Since the complaint in this action was filed on August 11, 1993, it was well within the one year statutory period for filing a cause of action for malicious prosecution. Accordingly, I must respectfully dissent.

1. Absent a certification under Rule 54(b), any order in a multiple party or multiple claim action, even if it appears to adjudicate a separable portion of the controversy, is interlocutory. M.R.C.P. 54(b), Cmt.

2. It should be noted that the court, in the October 6, 1992, order, went out of its way to meet the requirements of Rule 54 of the Federal Rules of Civil Procedure:

> . . .[T]he cross-claim of Donna C. Norton as well as the Third Party Complaint against Donna C. Norton shall be dismissed with prejudice.
>
> * * *
>
> The Court expressly finds that there is no just reason for delay and this judgment is hereby directed to be entered dismissing with prejudice Principal Casualty Insurance Company as a party defendant, Donna C. Norton as third party defendant and Doris Byrd as cross-defendant.