KING, P.J.,
for the court:
¶ 1. This appeal arises from the Wilkinson County Circuit Court’s judgment granting Glenn Wilson’s summary judgment motion. Pursuant to Miss.Code Ann. § 15-1-35 (Rev.1995), which provides that an action must be filed within one year after the act accrued, the trial court found that the statute of limitation had run on Daniel McGlynn’s claim of malicious prosecution. Aggrieved by the trial court’s holding, McGlynn suggests the trial court erred: (1) by failing to apply the discovery rule to the statute of limitations and (2) by granting summary judgment without allowing a jury to address the dispute on the ability to discover the injury.
FACTS
¶ 2. On December 1, 1995, McGlynn contracted with Wilson to move a house from downtown Baton Rouge to McGlynn’s property in St. Francisville, Louisiana. The agreement was expanded to include the removal of additional structures and the performance of construction and repair work on the St. Francisville property. McGlynn also negotiated the purchase and delivery of all wood products Wilson salvaged from the excavation of the old Woodville High School. Additionally, McGlynn contracted to purchase salvaged brick from the Woodville site at $120 per thousand delivered.
¶ 3. Wilson failed to perform his obligations under the contract and on January 2, 1997, McGlynn filed a civil suit that was eventually settled for $88,000. Subsequent to the settlement, Wilson filed a criminal affidavit alleging that McGlynn had stolen bricks from the Woodville demolition site. McGlynn was arrested and, after a preliminary hearing, was bound over to the grand jury.
¶ 4. McGlynn’s case was presented to the June 1998 grand jury. In an effort to determine the disposition of his case, McGlynn contacted Carson Marcantel, an assistant district attorney in Baton Rouge. Marcantel contacted Tom Rosenblatt, as *290 sistant district attorney for Wilkinson County, and was informed that the charge against McGlynn was still pending before the grand jury. Later, Marcantel again contacted Rosenblatt, who told him that no action had been taken 'by the grand jury. The grand jury returned a no .bill on the grand larceny charge on June 15, 1998, and terminated its service on December 31,1998. In July of 1999 McGlynn learned from the grand jury foreman that the case had been no billed. In August of 1999, McGlynn filed a malicious prosecution claim against Wilson.
¶ 5. Wilson filed a motion for summary judgment on February 23, 2000, and a hearing was held on the matter on February 25, 2000. At the conclusion of the hearing, McGlynn was granted leave to file a supplemental memorandum to address issues raised at the hearing. On March 17, 2000, the court granted Wilson’s motion for summary judgment. On March 27, 2000, McGlynn filed a notice of appeal from that order.
ISSUES AND ANALYSIS
I.
Whether the trial court erred in granting summary judgment by failing to apply the discovery rule to the statute of limitation.
II.
Whether the trial court erred by granting summary judgment without allowing a jury to address the dispute on the ability to discover the injury.
¶ 6. McGlynn has asked this Court to expand the statute of limitations[1] applicable to actions for malicious prosecution, by application of the discovery rule,[2] as done in medical malpractice actions. He asserts that an action for malicious prosecution may only be maintained when the underlying prosecution has been favorably terminated. Joiner Ins. Agency, Inc., v. Principal Cas. Ins. Co., 684 So.2d 1242, 1244 (Miss.1996) (citing Page v. Wiggins, 595 So.2d 1291, 1293 (Miss.1992)). He therefore suggests that until this matter was terminated by the grand jury, no action for malicious prosecution was appropriate. He is correct in that assertion, and indeed that is the holding of our supreme court in Norman v. Bucklew, 684 So.2d 1246, 1256 (Miss.1996).
¶ 7. It is the date upon which a no bill is actually returned and made available for public viewing in a partial report filed by a grand jury prior to its termination, that is the date the statute of limitations begins to run. Id. Absent that, if no partial report is made prior to termination of the grand jury, the statute of limitations begins to run from the date the no bill is made available for public viewing upon termination of the grand jury proceeding. Id.
¶ 8. McGlynn had the responsibility to ensure that the record before the trial court, and this Court, included all relevant information necessary to consider and resolve this issue.
¶ 9. There is evidence in the record of when McGlynn first heard the results of *291 the grand jury action. There is, however, no evidence from McGlynn as to when this information was first available for public viewing. The trial court found it to have been available on June 15, 1998. There is nothing in the record to suggest that this finding is erroneous.
¶ 10. In light of the holding in Bucklew, there is no need to apply the discovery rule to this case. Therefore, summary judgment, based upon the statute of limitations, was proper on the malicious prosecution claim.
¶11. THE JUDGMENT OF THE WILKINSON COUNTY CIRCUIT COURT GRANTING SUMMARY JUDGMENT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.

. Miss.Code Ann § 15-1-35 (Rev.1995) states that "[a]ll actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.”

. Miss.Code Ann. § 15-1-49(2) (Rev.1995) states that "[i]n actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.”