# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 01-60966
Summary Calendar

PULMONARY ADVISORY SERVICES, INC.; PULMONARY
TESTING SERVICES, INC.; GLENN E. PITTS; JEWEL D. PITTS;
ROBERT COLGAN,

Plaintiffs-Appellants,

versus

AETNA LIFE AND CASUALTY COMPANY, ET AL.,

Defendants,

AETNA LIFE AND CASUALTY COMPANY; FARMINGTON
CASUALTY COMPANY; TRAVELERS PROPERTY
CASUALTY INSURANCE COMPANY,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
3:00-CV-146-LN

January 24, 2003
Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Plaintiffs Pulmonary Advisory Services and Pulmonary Testing Services are companies engaged in the business of providing pulmonary testing and screening services. Plaintiffs Glenn E. Pitts and Jewel D. Pitts owned and operated the companies, and Robert Colgan was an employee. We will refer to the Plaintiffs collectively as "Pulmonary." Pulmonary was covered under commercial general liability policies issued by Defendant Farmington Casualty Company ("Farmington"). Prior to 1996, Farmington was a subsidiary of Aetna Casualty & Surety Company ("Aetna"). In 1996, Travelers Property Casualty Corporation ("Travelers") acquired Aetna's property and casualty companies, thus Farmington became a subsidiary of Travelers. We will refer to the Defendants collectively as "the Insurers."

On June 19, 1996, Owens Corning filed suit against Pulmonary claiming that Pulmonary "engaged in a scheme to generate false medical test results to substantiate tens of thousands of personal injury cases against Owens Corning involving asbestos-related, non-malignant pulmonary impairment."[1] Three years after the Owens Corning suit was filed, Pulmonary demanded that the Insurers assume defense and indemnify it under its general liability policies. On May 25, 1999, the Insurers denied Pulmonary's claim based on Pulmonary's delay in notifying them of the Owens Corning lawsuit and their conclusion that the claims either were not covered under the policies or were excluded from coverage. As a result of the denial, Pulmonary filed the instant action. The parties filed cross-motions for summary judgment and in November 2001, the district court granted summary judgment in favor of the Insurers and against Pulmonary. For the reasons stated below, we affirm the district court's judgment.

---

[1] Owens Corning's initial complaint included, <u>inter alia</u>, all of the Plaintiffs in this action as defendants except Robert Colgan. On August 14, 1998, Owens Corning filed its First Amended Complaint in which it added Robert Colgan as a defendant.

STANDARD OF REVIEW

We review the grant of summary judgment de novo. Mowbray v. Cameron County, Tex., 274 F.3d 269, 278 (5th Cir. 2001). Summary judgment is appropriate only when the record indicates "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. "Questions of fact are reviewed in the light most favorable to the nonmovant and questions of law are reviewed de novo." Mowbray, 274 F.3d at 278-79.

DISCUSSION

Pulmonary argues that the claims asserted against it in the Owens Corning lawsuit are covered by, and not excluded from, the policies issued by the Insurers. Specifically, Pulmonary contends that the alleged injuries asserted by Owens Corning arose out of the offense of malicious prosecution, which is covered under the Coverage B policy provisions dealing with "Personal Injury," thus the Insurers' refusal to defend and indemnify constitutes a breach of the insurance agreement. Pulmonary further contends that the Insurers did not fulfill their duty to conduct a reasonable and prompt investigation of this matter, and at a minimum genuine issues of material fact exist on this issue.

In order to determine whether the Insurers owe Pulmonary a duty to defend or indemnify, we look to the allegations made in the complaint giving rise to the Owens Corning litigation. Am. Guar. & Liab. Ins. Co. v. The 1906 Company, Etc., 273 F.3d 605, 610 (5th Cir. 2001). "Under Mississippi's 'allegations of the complaint' rule if the factual allegations of the complaint bring the action within coverage of the policy, the insurer has a duty to defend." EEOC v. S. Publ'g Co., 894 F.2d 785, 790-91 (5th Cir. 1990). If the complaint "state[s] a claim that is within or arguably within the scope of coverage provided by the policy," then the Insurers are obliged to defend and indemnify.

3

Am. Guar. & Liab. Ins. Co., 273 F.3d at 610. The Insurers are "justified in refusing to defend only if it is clear from the face of the . . . complaint[] that the allegations therein are not covered." Id.

In considering whether this claim falls within the policy, we must give the terms of the policy their plain and ordinary meaning. Blackledge v. Omega Ins. Co., 740 So. 2d 295, 298 (Miss. 1999). "[A]lthough ambiguities of an insurance policy are construed against the insurer, a court must refrain from altering or changing a policy where terms are unambiguous, despite resulting hardship on the insured." Centennial Ins. Co. v. Ryder Truck Rental, Inc., 149 F.3d 378, 383 (5th Cir. 1998).

Pulmonary contends that the Owens Corning action constitutes an action for "malicious prosecution." The policy at issue in this case covers "Personal injury," which is defined as "injury, other than 'bodily injury,' arising out of one or more of the following offenses: a. False arrest, detention or imprisonment, b. Malicious prosecution . . . ." To prove a claim for malicious prosecution under Mississippi law, the claimant must prove six elements:

> (1) the institution or continuation of original judicial proceedings, either criminal or civil; (2) by, or at the insistence of the defendants; (3) the termination of such proceeding in plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the proceedings; and (6) the suffering of damages as a result of the action or prosecution claimed of.

Junior Food Stores, Inc. v. Rice, 671 So. 2d 67, 73 (Miss. 1996).

The district court held that "while plaintiffs' theory of potential liability based on Owens Corning's allegations against them accounts for some of the elements of the cause of action for malicious prosecution, it does not accounts [sic] for all the elements of malicious prosecution." Specifically, the district court found the third element - termination of proceedings in plaintiffs' favor - to be lacking. As the district court explained:

4

[T]he main point of Owens Corning's complaint against the plaintiffs was that because of the false test results generated by plaintiffs, it settled some cases that it might otherwise have not settled and it settled some cases for more than it would otherwise have settled them. Thus, it was the unfavorable resolution of those suits which prompted Owens Corning's lawsuit. . . . As liability was not sought to be imposed, and on the basis of the facts alleged in the Owens Corning suit <u>could not be imposed</u> against the insureds, it follows that the . . . policy neither actually nor potentially provided the insureds coverage for the Owens Corning litigation . . . .

Under Mississippi law, "dismissal reached as a result of a voluntary settlement or compromise does not constitute a termination in favor of the accused." <u>Van v. Grand Casinos, Inc.</u>, 724 So. 2d 889, 892 (Miss. 1998) (citing <u>Jones v. Donald Co.</u>, 102 So. 540, 540 (Miss. 1925)). Pulmonary argues, however, that the district court overlooked the references in Owens Corning's complaint indicating that "tens of thousands of other such claims are still pending against Owens Corning." Pulmonary argues that these pending claims constitute potential claims for malicious prosecution. We do not agree. As the insurers correctly point out, *pending* claims have not terminated, let alone terminated in Owens Corning's favor. See <u>Joiner Ins. Agency v. Principal Cas. Ins. Co.</u>, 684 So. 2d 1242, 1245 (Miss. 1996) (noting that the Mississippi Supreme Court has "repeatedly held that a cause of action for malicious prosecution accrues after there is a termination of the prosecution complained of"). The absence of one of the elements of a malicious prosecution action is fatal to Pulmonary's coverage claim.

We note that Mississippi recognizes one narrow exception to the "allegations of the complaint" rule: "Mississippi courts impose a duty to defend upon an insurer who has knowledge, or could obtain knowledge through a reasonable investigation, of the existence of facts that trigger coverage." <u>Am. States Ins. v. Natchez Steam Laundry</u>, 131 F.3d 551, 553 (5th Cir. 1998). The Mississippi Supreme Court has observed that "a divergence may exist between the facts as alleged

5

in the petition and the actual facts as they are known to or reasonably ascertainable by the insurer, in which latter case the insurer has a duty to defend." State Farm Mut. Auto. Ins. v. Taylor, 233 So. 2d 805, 808 (Miss. 1970). Pulmonary contends that the Insurers failed to conduct a reasonable and prompt investigation of this claim. Pulmonary, however, has failed to cite any "facts" which the Insurers were not aware of, or reasonably should have been aware of, that would indicate the allegations of Owens Corning's complaint were not true or that would invoke coverage. See Natchez Steam Laundry, 131 F.3d at 553 (rejecting application of the narrow exception to Mississippi's "allegations of the complaint" rule where claimants did not supply any "facts" to indicate coverage). Thus, we are not persuaded by Pulmonary's contention that the Insurers failed in their duty to investigate or acted in bad faith.

Finally, the Insurers argue that coverage for Pulmonary's claim is precluded by several applicable exclusions, including the exclusion in Coverage B for "Personal injury . . . [a]rising out of oral or written publication of material, if done by or at the direction of the 'insured' with knowledge of its falsity." This Court has previously stated that "[i]f a plaintiff's allegations against an insured are unequivocal with regard to claiming injury or damages caused by acts which, if proved, would place his claim within an exclusion from coverage, there is no duty to defend." Natchez Steam Laundry, 131 F.3d at 554 (quoting Jones v. S. Marine & Aviation Underwriters, Inc., 739 F. Supp. 315, 324 (S.D. Miss. 1988), aff'd, 888 F.2d 358 (5th Cir. 1989)). While it appears that the allegations contained in Owens Corning's complaint, specifically that Pulmonary generated fraudulent medical reports for asbestos claimants, if proven true would fall squarely within the cited exclusion, we need not reach this issue.

For the reasons stated above, we AFFIRM the judgment of the district court.

6

AFFIRM.