CARLTON, J.,
dissenting:
¶ 29. I respectfully dissent, and would affirm the trial court’s dismissal in this case. Our supreme court has established that “[w]hen the facts are undisputed, it is the function of the court to determine if probable cause existed” in malicious-prosecution actions. Nassar v. Concordia Rod & Gun Club, Inc., 682 So.2d 1035, 1044 (Miss.1996) (quoting Benjamin v. Hooper Elec. Supply Co., 568 So.2d 1182, 1190-91 (Miss.1990)); see also Owens v. Kroger Co., 430 So.2d 843, 846 (Miss.1983). I submit that the record in this case reflects that the facts are not in dispute; therefore, I respectfully dissent.
*836 ¶ 80. The record shows that in its order granting Members lst’s motion to dismiss, the trial court considered the elements of a malicious prosecution cause of action. The trial court cited Page v. Wiggins, 595 So.2d 1291, 1293 (Miss.1992) and Croft v. Grand Casino Tunica, Inc., 910 So.2d 66, 72 (¶ 14) (Miss.Ct.App.2005), noting that the fifth element of a malicious prosecution claim is the “want of probable cause.” The trial court recognized that this fifth element required the court to look at the intent of the defendants at the time of initiation of the prosecution. After so doing, the court then found that Norma failed to present any evidence to show a want of probable cause.
¶ 31. Additionally, the record reflects no factual dispute by the parties. After hearing the arguments of the parties, the trial court’s order reflected its finding that probable cause did exist, especially in light of Norma’s indictment. However, the record supports that the trial court did not predicate its ruling solely on the indictment, but looked to whether Norma proffered any evidence to show a want of probable cause. In so doing, the trial court acknowledged in its order that courts look at the honest belief in the guilt of the person accused and also whether reasonable grounds existed for such belief at initiation of the prosecution. See McClinton v. Delta Pride Catfish, Inc., 792 So.2d 968, 973, 973 (¶ 11) (Miss.2001) (explaining the appellate court must focus on objective of defendant who instituted the criminal proceeding); Coleman v. Smith, 914 So.2d 807, 811-12 (¶ 12) (Miss.Ct.App.2005) (malice required for prosecution is that “other than ‘bringing an offender to justice’”).
¶ 32. Norma’s counsel presented an argument on the motion to dismiss, addressing the embezzlement charges against Norma and explaining that the charges included irregularities in the management of the credit union where she was employed. Her counsel’s argument showed that Norma was accused of continuing to process overdrafts for a customer with continual overdrafts, without charging a fee for them. Norma was also charged with improperly processing her own overdrafts. Her counsel explained that Norma’s criminal charges also related to a “bad” loan. Norma’s counsel asserted reasons and potential defenses as to why these various acts occurred, yet asserted no denial of the acts and no evidence of improper motive on behalf of Members 1st. Consequently, I submit that Norma presented no evidence showing a lack of probable cause for the prosecution of the embezzlement charges.
¶ 33. Since no facts were disputed, the trial court properly determined Norma’s failure to satisfy the element of want of probable cause. Failure to prove any of the six elements of a malicious prosecution claim by a preponderance of the evidence is fatal to the claim. Perkins v. Wal-Mart Stores, Inc., 46 So.3d 839, 845 (¶ 10) (Miss.Ct.App.2010). Therefore, I would affirm the trial court’s dismissal of Norma’s complaint for malicious prosecution.