**In re SAV–A–STOP, INCORPORATED, Debtor.**

**JACK'S SERVICE OF the UNITED STATES, INC., Plaintiff,**

**v.**

**SAV–A–STOP, INCORPORATED, Defendant.**

**Bankruptcy No. 87–00830–BKC–3P1. Adv. No. 88–159.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

March 22, 1989.

Ronald Bergwerk, Jacksonville, Fla., for plaintiff.

Karen S. Jennemann, Jacksonville, Fla., for defendant.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon a motion to dismiss the amended counterclaim which seeks damages for abuse of process and malicious prosecution arising out of a lawsuit filed in the State of Oklahoma. The motion suggests that the counterclaim should be dismissed pursuant to Bankruptcy Rule 7012 and Federal Rule 12(b) for lack of standing and failure to state a claim upon which relief may be granted.

A hearing on this motion was held December 13, 1988, and upon stipulated facts and argument of counsel, the Court enters this Memorandum Opinion.

## FACTS

On April 23, 1987, the parties entered into an Asset Purchase and Sale Agreement concerning the purchase and sale of defendant's Southwest Division Headquarters located in Amarillo, Texas. The contract called for consummation of the transaction on May 29, 1987.

On May 14, 1987, Raymond Zager, defendant's Chief Executive Officer, called Kirk Humphries, president of plaintiff, to inquire whether the transaction could be completed before the date mandated in the contract. Humphries told Zager that plaintiff could not close the sale before May 29, 1987, but offered an earnest money deposit in the amount of $100,000.

On May 14, 1987, plaintiff wire-transferred $100,000 to First Union National Bank for deposit into defendant's account. A deposit agreement was prepared by plaintiff's counsel and signed by Zager on May 21, 1987. This agreement provided that plaintiff would deposit with defendant the sum of $100,000 as security for plaintiff's faithful performance of the sales agreement, and that the deposit and interest, would be applied toward the $3,000,000 purchase price.

On May 29, 1987, defendant filed its petition under Chapter 11 of the Bankruptcy Code. 11 U.S.C. § 101, *et seq.* Defendant has continued in the possession and management of its business pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

Concomitantly with the filing of the petition, defendant filed an emergency motion under § 363(b)(1) of the Bankruptcy Code seeking authorization to complete the sale to plaintiff. The hearing on the motion was held June 1, 1987, at which time plaintiff advised that it would not proceed with the purchase unless the sale was approved that same day. The Court refused to approve the sale because the debtor's creditors had not received sufficient and timely notice.

On June 2, 1987, plaintiff informed defendant that it considered the agreement terminated and formally demanded return of the $100,000 escrow deposit. Defendant refused to return the deposit and on July 15, 1987, plaintiff filed suit against defendant's officers, directors and legal counsel in the United States District Court, Western District of Oklahoma (the "Oklahoma Action").

On November 23, 1987, the Oklahoma Court entered an Order dismissing the Action for lack of personal jurisdiction over the defendants. On November 14, 1988, the officers, directors and legal counsel

assigned any causes of action they had against plaintiff to defendant.

This adversary proceeding was initiated by plaintiff seeking a declaratory judgment as to its entitlement to the deposit. Defendant filed counterclaim against plaintiff for abuse of process and malicious prosecution. Plaintiff moved to dismiss the counterclaim for lack of standing and failure to state a claim.

## DISCUSSION

### I. Standing

The Court must first address the standing of the defendant to bring an action for abuse of process and/or malicious prosecution on behalf of its officers, directors and legal counsel. Plaintiff contends that defendant lacks standing to bring such counterclaims because the underlying tort claims are non-assignable.

██ Both Florida and Oklahoma subscribe to the common law rule that, absent statutory authority, claims for injury which do not arise out of contract are non-assignable. *Higgs v. Industrial Fire and Casualty Insurance Co.*, 501 So.2d 644 (Fla. 3d DCA 1986); *Momand v. Twentieth–Century Fox Film Corporation*, 37 F.Supp. 649 (D.Okla.1941); *Dippel v. Hunt*, 517 P.2d 444 (Okla.App.1973). Claims for malicious prosecution and abuse of process are tort claims and fall within the ambit of this rule. The Court finds that the assignment of November 14, 1988, does not give defendant the right to assert a counterclaim on behalf of its officers, directors and legal counsel.

██ The defendant does not contest the validity of this position but argues its causes of action are based upon the doctrine of equitable subrogation. Subrogation is a right which arises by operation of law where one having a liability or a fiduciary relation in the premises pays a debt due by another under such circumstances that he or she is, in equity, entitled to the security or obligation held by the creditor who has been paid. *Boley v. Daniel*, 72 Fla. 121, 72 So. 644, 645 (1916). According to the defendant, such a relationship exists between defendant and its officers, directors and legal counsel and it can assert these malicious prosecution and abuse of process claims on their behalf.

The Court does not agree. Subrogation is an equitable remedy based upon the policy of preventing unjust enrichment. *See, West American Insurance Co. v. Yellow Cab Co.*, 495 So.2d 204 (Fla. 5th DCA 1986). It typically arises in accident cases where the insurance company compensates the insured party and then seeks to recover damages from the tortfeasor. By allowing the insurance company to sue on the insured's behalf, there is but one recovery for only one loss (i.e. the insured party does not recover from both the insurance company and the tortfeasor). Although the defendant's officers, directors and legal counsel may have expended time and effort defending the Oklahoma Action, there is no possibility of a double recovery.

Defendant's equitable subrogation argument is premised, at least in part, upon § 607.014(3), Florida Statutes. However, this statute merely authorizes a corporation to reimburse its officers for the successful defense of suits against them as officers of the corporation. It is not a statute which creates a right for a corporation to sue on their behalf.

Moreover, there is a clear distinction between indemnity and subrogation. A subrogee stands in the shoes of a subrogor and inherits all rights and liabilities. Indemnity, on the other hand, shifts the entire loss from a faultless party to the one who should be held accountable. Defendant may wish to indemnify or reimburse its officers, directors and legal counsel. It cannot, however, seek to assert personal claims to recover this indemnity on their behalf under the guise of equitable subrogation. The Court holds that defendant has no standing in this factual setting to assert counterclaims for abuse of process and malicious prosecution.

### II. Failure to State a Claim for Malicious Prosecution

██ The remaining issue to be addressed is whether Count II of the Amended Coun-

terclaim states a claim for malicious prosecution. An action for malicious prosecution consists of six elements: (1) the commencement or continuance of an original criminal or civil proceeding; (2) legal causation by the present defendant against the plaintiff who was the defendant in the original proceeding; (3) bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice; and (6) damages conforming to legal standards resulting to the plaintiff. *Gause v. First National Bank of Marianna,* 457 So.2d 582 (Fla. 1st DCA 1984). If any of these elements is lacking, there is no right to pursue the action. *Buchanan v. Miami Herald Publishing Co.,* 230 So.2d 9, 11, n. 3 (Fla.1969).

Plaintiff contends that defendant has failed to state a claim for malicious prosecution because the Oklahoma Action was not terminated in its favor. More specifically, plaintiff suggests that a dismissal for lack of personal jurisdiction is insufficient to constitute a termination in its favor and, therefore, Count II of the counterclaim should be dismissed.

A bona fide termination of a proceeding in counterclaimant's favor is an essential element of a malicious prosecution action and that element is satisfied by either a favorable decision on the merits or a bona fide termination of the proceedings. *Union Oil of California v. Watson,* 468 So.2d 349 (Fla. 3d DCA 1985). Florida follows the rule that a dismissal on technical or procedural grounds does not constitute a favorable termination. *Union Oil of California v. Watson,* 468 So.2d 349 (Fla. 3rd DCA 1987).

In this case, the Oklahoma Action was terminated due to a lack of *in personam* jurisdiction over the defendants. This was a technical termination of the proceedings and did not address the merits of the dispute. The Court finds that Count II of the amended counterclaim fails to state a claim for malicious prosecution and should be dismissed.

The Court will, by separate order, dismiss both Counts of the amended counterclaim.