# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CA-02088-SCT

*JAY BEARDEN*

*v.*

*BELLSOUTH TELECOMMUNICATIONS, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/13/2008 |
| TRIAL JUDGE: | HON. WILLIAM F. COLEMAN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | THOMAS W. PREWITT |
| | RONALD E. STUTZMAN, JR. |
| ATTORNEYS FOR APPELLEE: | KENNETH W. BARTON |
| | BENJAMIN M. WATSON |
| | THOMAS B. ALEXANDER |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 03/11/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE WALLER, C.J., LAMAR AND PIERCE, JJ.

### LAMAR, JUSTICE, FOR THE COURT:

¶1. Jay Bearden filed suit for malicious prosecution against BellSouth Telecommunications, Inc., and Gloria Robison, their employee who signed an affidavit charging Bearden with cutting a telecommunications line. Summary judgment was granted in favor of the defendants. Bearden now appeals that dismissal.

### FACTS AND PROCEDURAL HISTORY

¶2. Jay Bearden operates Bearden Construction Company, a business installing various

utility conduits. In the course of installing water lines for the North Lauderdale Water Association, several of BellSouth's[1] telephone lines were cut. In an attempt to prevent further damage to BellSouth's telephone lines, Gloria Robison, a security claims investigator for BellSouth, traveled to the jobsite, met with Bearden several times, gave him a copy of Mississippi's laws regarding excavation around utility lines, and asked him to refrain from cutting any more of BellSouth's telephone lines. Todd Purvis, another BellSouth employee, also visited the jobsite, accompanied by a deputy sheriff, and asked Bearden to comply with the law.

¶3. Despite the efforts of Robison and Purvis, the cuts did not stop. BellSouth, through its employee Robison, reported to the Lauderdale County Sheriff's Department that Bearden repeatedly had cut BellSouth's cables. On June 21, 2004, Robison signed a general affidavit and filed it with the Lauderdale County Justice Court, stating that Bearden had violated Mississippi Code Section 97-7-31,[2] which makes it a felony to interfere with a licensed

---

[1]BellSouth Telecommunications, Inc., now does business as AT&T Mississippi.

[2]Mississippi Code Section 97-7-31 provides:

Whoever intentionally destroys, impairs, injures, or tampers or interferes with any real or personal property used or useful in the maintenance, repair, or operation of any telephone or telegraph system or radio station which is subject to regulation or licensing by any agency of the United States of America or of the State of Mississippi, with reasonable grounds to believe that such act will hinder, delay or interfere with the maintenance, repair or operation of such telephone or telegraph system or radio station, on conviction shall be punished as prescribed in section 97-7-29.

Miss. Code Ann. § 97-7-31 (Rev. 2006).

telecommunications system.[3]  That same day, Bearden was arrested and released on bond. Bearden was indicted by a Lauderdale County grand jury for violation of Section 97-7-31 on November 12, 2004.

¶4.     On August 19, 2005, Bearden filed a motion to dismiss the criminal charges, arguing that because Mississippi Code Sections 97-7-31 (a felony) and 97-25-53 (a misdemeanor) have the same elements, he should be tried under the statute providing for the lesser penalty.[4] The Circuit Court of Lauderdale County agreed, and reduced the charge to the misdemeanor violation of Section 97-25-53.  Further, the court transferred the case to the Lauderdale County Justice Court for disposition.

¶5.     On October 14, 2005, Bearden filed a motion to dismiss in justice court, stating that "the Lauderdale County Justice Court does not have jurisdiction."  The motion provided no legal theories or analysis.  Subsequently the justice court dismissed the charge, finding "This

---

[3]The trial court stated "It is undisputed that at the time of the affidavit, Bearden and/or his employees and subcontractors had cut BellSouth's cables at least 11 times."  Indeed, in his response to BellSouth's request for admissions, Bearden admitted that Jay Bearden Construction, Inc., had damaged BellSouth cables on twenty-two separate occasions in the Meridian area between January 15, 2004, and January 25, 2005.

[4]Mississippi Code Section 97-25-53 provides:

(1) Any person who shall intentionally obstruct, injure, break or destroy, or in any other manner interrupt any telegraph or telephone line, or communication thereon between any two (2) points, by or through which the said lines may pass, or who shall injure or destroy any of the posts, wires, insulators, or fixtures, or things belonging to such telegraph or telephone lines, such person shall, on conviction, be fined not less than two hundred fifty dollars ($250.00), nor more than five hundred dollars ($500.00), or imprisoned in the county jail not exceeding six (6) months or both such fine and imprisonment. . . .

Miss. Code Ann. § 97-25-53 (Rev. 2006).

is reference to the above case State Of Ms. against Jay Q. Bearden, Per Judge William B. Gunn request this case have no jurisdiction in Lauderdale County Justice Court."

¶6. Following dismissal of the charges against him, Bearden filed suit against Robison and BellSouth ("the Defendants") alleging malicious prosecution. The Defendants moved for summary judgment, arguing primarily that a dismissal for lack of jurisdiction cannot support an action for malicious prosecution. The circuit court agreed and granted summary judgment. From this judgment, Bearden now appeals.

## ANALYSIS

¶7. This Court reviews grants of summary judgment under a de novo standard. *Weathers v. Metropolitan Life Ins. Co.*, 14 So. 3d 688, 691 (Miss. 2009). Summary judgment shall be granted only if the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c). In making such a determination, "[t]he evidence must be viewed in the light most favorable to the nonmoving party." *Treasure Bay Corp. v. Ricard*, 967 So. 2d 1235, 1238 (Miss. 2007) (citing *Flores v. Elmer*, 938 So. 2d 824, 826 (Miss. 2006)).

¶8. In order to prevail on a claim of malicious prosecution, the plaintiff must prove the following elements:

> (1) the institution or continuation of original judicial proceedings, either criminal or civil;
> (2) by, or at the insistence of the defendants;
> (3) the termination of such proceeding in plaintiff's favor;
> (4) malice in instituting the proceedings;
> (5) want of probable cause for the proceedings; and
> (6) the suffering of damages as a result of the action or prosecution complained of.

4

*Van v. Grand Casinos of Miss., Inc.*, 724 So. 2d 889, 891 (Miss. 1998) (citations omitted).

¶9.     In the instant case, the sole issue presented is whether the third element had been met; in other words, did the justice court's dismissal of Bearden's case for lack of jurisdiction constitute a termination of proceedings in Bearden's favor.  The trial court found that the dismissal for lack of jurisdiction did not constitute a termination in Bearden's favor and therefore granted summary judgment to the Defendants.

¶10.    The issue of whether a dismissal for lack of jurisdiction may constitute a favorable termination of proceedings sufficient to support a subsequent claim of malicious prosecution is of first impression before this Court.  This Court has determined, however, that in order to qualify as a termination in favor of the plaintiff, the dismissal of criminal proceedings must reflect on the merits of the criminal action.  *Van*, 724 So. 2d at 893.  Further, this Court has held that "not all dismissals in this State constitute terminations in favor of the accused for purposes of malicious prosecution actions."  *Stewart v. Southeast Foods, Inc.*, 688 So. 2d 733, 737 n.2 (Miss. 1996).

¶11.    Though *Van* is properly distinguishable from the instant case in that the dismissal was on speedy-trial grounds, it nonetheless provides the proper standard to make our determination here – the pivotal question is whether dismissal for lack of jurisdiction "properly reflects on the merits of a criminal action and therefore qualifies as a termination in favor of the plaintiff." *Van*, 724 So. 2d at 893.  Further, the Restatement (Second) of Torts provides that criminal proceedings are terminated in favor of the accused "only when their final disposition is such as to indicate the innocence of the accused.  Restatement (Second) of Torts § 660 cmt. a (1977).  Requiring a dismissal to reflect on the merits of a criminal

5

action or the innocence of the accused comports with our public-policy considerations regarding claims of malicious prosecution:

> There are two competing interests in all malicious prosecution cases. The public policy interest in crime prevention insists that private citizens, when aiding law enforcement personnel, ought to be protected against the prejudice that is likely to arise from the termination of the prosecution in favor of the accused. "Large tort judgments against well-meaning individuals, acting *honestly and in good faith*, might seriously inhibit those attempting to perform what they believe a civic duty. . . . Equally important is the second interest which protects individuals from being wrongly accused of criminal behavior which results in unjustifiable and oppressive litigation of criminal charges. Consequently, in our orderly society we allow those subjected to criminal proceedings cloaked with malice to recover compensation for their losses.

*Benjamin v. Hooper Elec. Supply Co., Inc.*, 568 So. 2d 1182, 1187-1188 (Miss. 1990) (citations omitted) (emphasis in original). Further, this Court has recognized that "[m]alicious prosecution is not the most favored tort because of a public policy in favor of halting and prosecuting crime." *Id.* at 1187.

¶12. When presented with issues of first impression, it is "helpful to review the law of other jurisdictions for guidance." *Conley v. State*, 790 So. 2d 773, 790 (Miss. 2001). In differentiating a failure to prosecute and a procedural dismissal, the Supreme Court of California has held that a dismissal for lack of jurisdiction is "not only not on the merits, it is unreflective of the merits; neither the judgment of the court nor that of the prosecuting party on the merits is implicated in the dismissal." *Lackner v. LaCroix*, 602 P.2d 393, 395 (Cal. 1979) (quoting *Minasian v. Sapse*, 80 Cal. App. 3d 823, 827 (Cal. App. 2 Dist. 1978)).

> It is not enough, however, merely to show that the proceeding was dismissed. The theory underlying the requirement of favorable termination is that it tends to indicate the innocence of the accused, and coupled with the other elements of lack of probable cause and malice, establishes the tort, that is, the malicious and unfounded charge of crime against an innocent person. . . . Hence, if the

6

criminal proceeding goes to trial, it is ordinarily necessary, as a foundation for a malicious prosecution suit, that the plaintiff have been acquitted. . . . The same fundamental theory is applied in testing a dismissal or other termination without a complete trial on the merits. If it is of such a nature as to indicate the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement. If, however, the dismissal is on technical grounds, for procedural reasons, or for any other reason not inconsistent with his guilt, it does not constitute a favorable termination.

*Jaffe v. Stone*, 114 P.2d 335, 338 (Cal. 1941) (citations omitted). California courts recently have confirmed that "a dismissal for lack of jurisdiction does not involve the merits and cannot constitute a favorable termination." *Hudis v. Crawford*, 125 Cal. App. 4th 1586, 1592 (Cal. Dist. Ct. App. 2005).

¶13. The Supreme Court of Tennessee has found that "a favorable termination is not present for a malicious prosecution claim where the underlying proceeding was resolved based on matters of standing and jurisdiction." *Parrish v. Marquis*, 172 S.W.3d 526, 532 (Tenn. 2005). That court further stated that the "almost universal rule" is that a dismissal on procedural grounds does not reflect on the merits and, therefore, cannot constitute a favorable termination for malicious-prosecution purposes. *Id.* The Court of Appeals of Utah has held that claims dismissed for lack of jurisdiction and not on the merits are not considered favorable terminations. *Hatch v. Davis*, 102 P.3d 774, 780 (Utah 2004). Similarly, "Florida follows the rule that a dismissal on technical or procedural grounds does not constitute a favorable termination." *In re Sav-A-Stop, Inc.*, 98 B.R. 83, 86 (Bkrtcy. M.D. Fla. 1989). That court found that a dismissal for lack of in personam jurisdiction "was a technical termination of the proceedings and did not address the merits of the dispute," and therefore could not support a claim for malicious prosecution. *Id.*

7

¶14. We find these authorities to be persuasive and conclude that the dismissal of the case for lack of jurisdiction does not reflect on the merits of the criminal case against Bearden. The record is totally void of any indication of why the justice court concluded that it had no jurisdiction. Nevertheless, the order, which plainly cited the court's lack of jurisdiction as the exclusive basis for dismissal, neither indicates Bearden's innocence, nor is it inconsistent with Bearden's guilt.

¶15. Relying on *Van*, Bearden argues that the Defendants effectively abandoned the prosecution when they failed to refile an affidavit in justice court following the transfer from circuit court. We find this argument to be without merit. There is nothing in the record for this Court to conclude that the Defendants "abandoned" the prosecution. We find that *Van*, 724 So. 2d at 889, is clearly distinguishable.

## CONCLUSION

¶16. For these reasons, we find that the dismissal of criminal charges against Bearden for lack of jurisdiction did not constitute a termination of proceedings in Bearden's favor that would support a subsequent action for malicious prosecution. We find that summary judgment was properly granted, given the particular facts presented in this case. We therefore affirm the judgment of the circuit court.

¶17. **AFFIRMED.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.**