RUSSELL, J.,
for the Court:
¶ 1. Linda Lochridge appeals the Monroe County Circuit Court’s grant of summary judgment in favor of Pioneer Health Services of Monroe County, Inc. (Pioneer) on Lochridge’s malicious-prosecution claim. Finding several genuine issues of material fact in dispute, we reverse and remand.
FACTS
¶ 2. Lochridge worked as a registered nurse at one of Pioneer’s assisted-living facilities. Lochridge was considered a good employee and maintained positive relationships with patients and staff. On May 4, 2007, she met with Susan Grimes, director of the assisted-living facility, and Linda Smith, director of human resources. Grimes and Smith informed Lochridge her position had been eliminated due to Pioneer’s restructuring and cost-saving measures. Lochridge surrendered her keys to the facility. Lochridge was escorted back to the assisted-living facility, where other employees helped her load what she could into her car.
¶ 3. Later that evening, Lochridge shared dinner with friends, some of whom were her former Pioneer coworkers. It is undisputed that Lochridge had left several personal items at the facility; therefore, the Pioneer employees at the dinner offered to help her retrieve the remaining items.
¶ 4. At approximately 9:00 p.m., Lo-chridge and four to five Pioneer employees went to the assisted-living facility. According to Lochridge, when they arrived, Pauline Rowe, one of the nurses on duty, allowed Lochridge and the other Pioneer employees to enter the facility. Cindy Beasley, another nurse, loaned Lochridge her key to the nursing office so Lochridge could retrieve her items from that office. Subsequently, Lochridge called Grimes’s cell phone and left a voice message, stating she had obtained her remaining items from the facility.
¶ 5. According to Grimes, after listening to Lochridge’s voice message at approximately 11:30 p.m., she called the facility and spoke with Ollie Burroughs about what had happened. It is disputed wheth *945 er Burroughs informed her that Lochridge had taken items that belonged to Pioneer. Grimes then called her supervisor, Steve Fontaine. Fontaine instructed her to either call Lochridge and ask her to return the items or call the police. Prior to Grimes calling Lochridge, she called the Aberdeen Police Department (APD) and the Monroe County Sherriff s Department, stating Lochridge had entered the facility without permission and had stolen items that belonged to Pioneer. According to Grimes, she then called Lochridge “to inform her of pending charges” and to request that Lochridge return the items. The following morning Grimes received a voice message from Lochridge indicating that she had returned some items to the facility. The exact wording of Lochridge’s message is disputed.
¶ 6. On May 7, 2007, Grimes went to APD and provided a verbal statement of the incident and was instructed by Officer Mike Griffin to prepare a written report and list of items taken from the facility. Subsequently, on May 9, 2007, Grimes provided Major Quinell Shumpert written reports of the incident, which included a list of the property allegedly taken and assessed a value of IS^OO.OO.[1] Based on the information from Grimes, Major Shumpert signed an affidavit charging Lochridge with burglary, and the APD issued an arrest warrant for Lochridge. That same day, Lochridge turned herself in to the APD. Upon arrival, she provided Major Shumpert with receipts for several items she removed from Pioneer that belonged to her. Lochridge also provided Major Shumpert with some file documents that allegedly belonged to Pioneer.
¶ 7. On January 18, 2008, the grand jury of Monroe County indicted Lochridge under Mississippi Code Annotated section 97-17-38 (Rev.2006) for burglary. The indictment alleged Lochridge unlawfully entered Pioneer’s facility and stole Pioneer’s lawn furniture, patient files, and fax machine. The charges were retired to file on February 29, 2008, and were dismissed with prejudice officially on September 11, 2008.
¶ 8. The next month, Lochridge filed her complaint against Pioneer, alleging malicious prosecution. After a hearing, the circuit court granted Pioneer’s motion for summary judgment, finding Lochridge failed to demonstrate the elements of malice or probable cause. Lochridge now appeals.
DISCUSSION
¶ 9. This Court applies a de-novo standard of review when a circuit court grants summary judgment. Harris v. Miss. Valley State Univ., 873 So.2d 970, 979 (¶ 14) (Miss.2004). Since the circuit court receives no deference in summary-judgment matters, we:
[E]xamine[ ] all the evidentiary matters before it, admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, there is no genuine issue of material fact, and the mov-ant is entitled to judgment as a matter of law, summary judgment should ... be entered for the movant. Otherwise, the motion should be denied. Issues of *946 material fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says to the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant should be given the benefit of any doubt.

Id.

¶ 10. The elements of a malicious-prosecution claim are:
(1) The institution of a proceeding
(2) by, or at the insistence of the defendant
(3) the termination of such proceedings in the plaintiffs favor
(4) malice in instituting the proceedings
(5) want of probable cause for the proceedings
(6) the suffering of injury or damage as a result of the prosecution.
McClinton v. Delta Pride Catfish, Inc., 792 So.2d 968, 978 (¶ 8) (Miss.2001).
¶ 11. The circuit court focused its ruling on the malice and want-of-probable-cause elements. Specifically, the circuit court found it undisputed that Lochridge had removed Pioneer’s personal property from the facility, including patient files and marketing material. Therefore, the circuit court held that Lochridge could not prove either malice or want of probable cause.
I. Termination of Criminal Prosecution
¶ 12. Although the Mississippi Supreme Court requires a termination of criminal prosecution, a final termination is not required. Its holdings in other cases teach that the termination element of a malicious-prosecution claim does not require an appealable judgment or a dismissal with prejudice. Joiner v. Principal Cas. Ins. Co., 684 So.2d 1242, 1244 (Miss.1996) (quoting Royal Oil Co., Inc. v. Wells, 500 So.2d 439, 443 (Miss.1986)) (holding that the underlying case was terminated where a warrant issued on an affidavit was bound over to the grand jury, which did not indict); see also Childers v. Beaver Dam, Plantation, Inc., 360 F.Supp. 331, 334 (N.D.Miss.1973) (holding a nolle prose-qui is a termination of the underlying case upon which a malicious-prosecution action can accrue).
¶ 13. The record indicates that on March 4, 2008, Lochridge filed a motion to dismiss the criminal charges seeking that the case be dismissed with prejudice. Lo-chridge’s motion to dismiss further stated that “[i]f Plaintiff is not willing to dismiss the case with prejudice, then the case should be tried in the first place setting on June 19, 2008.” No other motion to dismiss was filed, and no opposition to Lo-chridge’s motion is found in the record. On September 11, 2008, the circuit court found the motion well taken and dismissed the cause.
¶ 14. Further, it is not necessary that all proceedings that may be required to enforce the rights of the parties occur before the cause of action accrues for malicious prosecution. Id. The requirement of termination is satisfied by showing that the suit upon which the malicious-prosecution claim is based was abandoned. 52 Am.Jur.2d Malicious Prosecution § 42 (1970). Pioneer submitted a letter to the District Attorney’s office stating “[w]e do not wish to pursue criminal charges against Linda Lochridge at this time.” Notwithstanding that Pioneer could have pursued its criminal allegations by filing a subsequent affidavit against Lochridge, it did not; thus, the allegations made by Pioneer resulting in the civil action before us were clearly abandoned on February *947 27, 2008. Thus, the termination requirement for malicious-prosecution purposes is met.
II. Malice
¶ 15. Lochridge argues jurors could infer malice from the fact that Pioneer pursued her prosecution for burglary, knowing the personal property belonged to her, and from Grimes’s making false statements to the police about the incident. We agree. Pioneer, however, asserts it initiated criminal proceedings against Lo-chridge to bring her to justice for taking its property. Because Lochridge did, in fact, give the police several items that belonged to Pioneer, Pioneer asserts Lo-chridge cannot prove malice.
¶ 16. “Malice” holds a particular meaning in malicious-prosecution claims. The Mississippi Supreme Court explained:
[Mjalice does not refer to mean or evil intent, as a layman might ordinarily think. Rather, malice in the law of malicious prosecution is a term used in an artificial and legal sense. It connotes a prosecution instituted primarily for a purpose other than that of bringing an offender to justice. As such, it refers to the defendant’s objective, not his attitude. Malice may be and usually is shown by circumstantial evidence. The jury may infer malice from the facts of the case. Malice may be inferred as well from the fact that a defendant may have acted with reckless disregard for the plaintiffs rights.
Nassar v. Concordia Rod & Gun Club, Inc., 682 So.2d 1035, 1044-45 (Miss.1996) (citations omitted).
¶ 17. In this case, the circuit court incorrectly found the malice element lacking because Lochridge indisputably had returned Pioneer’s patient files, which were not medical files, to the police. It is disputed whether the files returned by Lo-chridge were documents taken separately or whether they were documents located in personal property belonging to Lochridge. Whether Lochridge returned any of the items is irrelevant to whether Pioneer instituted the burglary prosecution for an improper purpose. Further, the depositions of several witnesses show genuine factual disputes on the malice element. For example, Grimes characterized her reason for reporting Lochridge to the police as a “business decision.” This statement alone raises a genuine issue of material fact as to whether Pioneer instituted the burglary prosecution for a purpose other than to bring Lochridge to justice. See, e.g., Strong v. Nicholson, 580 So.2d 1288, 1294 (Miss.1991) (finding malice where defendants instigated grand-larceny prosecution “to protect their property rights”).
¶ 18. The facts are also in dispute on whether Pioneer acted with reckless disregard for Lochridge’s rights — particularly, when Grimes provided Major Shumpert with the information he used for the affidavit alleging burglary. Grimes stated Burroughs and Rowe, the nurses on duty, told Grimes they did not know how Lochridge entered the facility. Rowe, however, unequivocally stated she allowed Lochridge into the facility. Rowe also stated Grimes never asked her how Lochridge entered the facility. There is also nothing in the record to indicate that Lochridge entered the facility under false pretense or trickery.
¶ 19. Additionally, Lochridge asserts she only removed items for which she had paid and had not been reimbursed. Grimes knew Lochridge had purchased items for use at the assisted-living facility. Further, Grimes could determine whether Pioneer had reimbursed Lochridge for her purchases, as Grimes had obtained an accounting report, which detailed the *948 items and amounts for which Lochridge had been reimbursed. But without consulting her accounting report, Grimes provided the pólice with a list of items allegedly stolen by Lochridge. On the list provided to the police were items Grimes knew belonged to Lochridge. Considering the evidence in the light most favorable to Lochridge, jurors could reasonably find Pioneer acted with malice based on Grimes’s role in instituting the prosecution against Lochridge for burglary.
III. Probable Cause
¶ 20. Lochridge asserts Pioneer lacked probable cause to charge her with burglary because several witnesses stated she was allowed to enter the facility. Pioneer, however, argues it honestly believed Lochridge had unlawfully entered its facility and removed its personal property because of the voice message Lochridge left Grimes stating that she had gone back to the facility and gotten her belongings. Pioneer further argues it had reasonable grounds to believe Lochridge was guilty because she returned items when she turned herself in to the police. The evidence is disputed regarding whether these items returned by Lochridge belonged to her,
¶ 21. In evaluating whether probable cause existed, “we look to the facts reasonably available” to the defendant when the prosecution was initiated. Strong, 580 So.2d at 1294. Probable cause requires proof of “(1) a subjective element — an honest belief in the guilt of the person accused, and (2) an objective element — reasonable grounds for such belief.” McClinton, 792 So.2d at 973 (¶ 11) (citation omitted). “[P]roof of lack of probable cause on any one element of the crime charged and which forms the basis of the action is sufficient to establish this element of the tort.” C & C Trucking Co. v. Smith, 612 So.2d 1092, 1100 (Miss.1992) (citation omitted).
¶ 22. Lochridge was charged with violating Mississippi Code Annotated section 97-17-33, which states:
Every person who shall be convicted of breaking and entering, in the day or night, any shop, store, booth, tent, warehouse, or other building or private room or office therein ... to commit any felony, ... shall be guilty of burglary, and imprisoned in the penitentiary not more than seven (7) years.
(Emphasis added). The indictment specifically alleged Lochridge committed the underlying felony of grand larceny by stealing Pioneer’s lawn furniture, patient files, and a fax machine. Grand larceny requires evidence of the offender’s “taking and carrying away, feloniously, the personal property of another, of the value of Five Hundred Dollars ($500.00) or more.... ” Miss.Code Ann. § 97-17-41(1) (Rev.2006).
¶ 23. As noted above, the circuit court incorrectly focused on Lochridge’s alleged actions in finding the probable-cause element lacking. Several factual disputes exist on each element of the alleged burglary. For example, the witnesses dispute whether Pioneer had an honest belief or reasonable grounds to believe Lochridge unlawfully entered the facility and removed Pioneer’s personal property. Lo-chridge asserts she knocked, and Rowe allowed her inside. Rowe agreed with this assertion.
¶ 24. The facts are also disputed on whether Pioneer had an honest belief or reasonable grounds to believe Lochridge unlawfully removed its personal property. Lochridge asserts she owned all the items she removed. Grimes knew Lochridge owned the fax machine and some other items Grimes reported stolen. Grimes, for example, explained that the “patient files” *949 reportedly stolen referred to the “thorough records” and notes Lochridge kept while employed at Pioneer, and not patient-medical files. Grimes also asserted Lochridge had purchased with donated funds many of the items she removed, but Grimes provided no documentation to support her allegation.
¶ 25. At one point, Grimes placed some emphasis on Lochridge’s removal of a gazebo. This Court has stated that for personal property to be considered real property, it must permanently attach to real property, and the following criteria must be met:
[Pjroperty or equipment must be attached to building walls, floors, and/or ceiling in such way as to require design or structural alterations to the real property to which it is being attached, or property could not be removed intact or its removal would result in alteration or destruction of structure or property, or property must become an independent structure itself, i.e., real property, and the property must lose its identity as personal property.
Blount v. ECO Resources, Inc., 986 So.2d 1052, 1057 (¶ 18) (Miss.Ct.App.2008).
¶ 26. Considering the evidence in the light most favorable to Lochridge, jurors could reasonably find Pioneer lacked an honest belief or reasonable grounds to believe Lochridge committed any element of burglary. Probable cause requires the concurrence of an honest belief in the guilt of the person accused and reasonable grounds for such belief. Nassar v. Concordia Rod and Gun Club, Inc., 682 So.2d 1035, 1042 (Miss.1996). The absence of probable cause in the institution of a criminal proceeding would permit but not require a factfinder to infer malice. Id. at 1043. Unlike probable cause, the question of malice is to be determined by the jury unless only one conclusion may reasonably be drawn from the evidence. The defendant’s improper purpose usually is proven by circumstantial evidence, and the lack of probable cause for the initiation of the criminal proceedings is evidence of an improper purpose. Id. at 1044. The Mississippi Supreme Court found that “[t]he want of probable cause is an inference of law from the acquittal and discharge of the party prosecuted; and in the absence of other testimony, the jury are bound to find according to the legal inference.” Whitfield v. Westbrook, 40 Miss.311 (1866). Whitfield is not a recent case, but it has not been overruled.
¶27. In granting Pioneer’s motion for summary judgment, the circuit court failed to consider the evidence in the light most favorable to Lochridge. Genuine disputes of facts material to the outcome of this case clearly exist and should be left to resolution by the factfinder. After we consider the evidence in the required light, we must reverse the judgment of dismissal and remand for further proceedings.
¶ 28. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., IRVING, P.J., ISHEE, ROBERTS AND FAIR, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. MAXWELL, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED IN PART BY GRIFFIS, P.J.

. Grimes reported the following property as stolen: 8 bulletin boards, a small refrigerator, a gazebo, a patio set with chairs, an end table, a table fan, an electric piano, four yard figurines, approximately 100 pieces of craft supplies, approximately 10 letter racks, miscellaneous office supplies, a policy and procedure manuals, 2 boxes of holiday decorations, an ornamental table, 3 figurines, a coffee pot, a barbeque grill, a bookcase, books, a medical dictionary, files, a Rolodex of numbers, patient medications, and a fax machine.